CHARLES A. PUTNAM & others, Executors, *vs.* JAMES H. TASH.

A guarantor of the payment of a promissory note by the payee and indorser cannot, upon paying it at maturity, recover the amount from the maker.

ACTION OF CONTRACT ; 1st. On a promissory note for $525, dated August 4th 1854, made by the defendants to Henry Fowler & Co. and indorsed by them ; 2d. For money paid. The parties submitted the case to the decision of the court upon the following facts :

Before this note was given the defendant owed Fowler & Co. a note for $512.74, which had been discounted at a bank. The day before that note became payable the defendant gave to Fowler & Co. a note of David Taylor & Co. for $800, for which they in a written receipt " agreed to account to him in payment of his note for $512.74, and the balance after paying expense of borrowing the money to pay said note." Fowler & Co., by giving their own note, with the note of Taylor & Co. as collateral security, obtained from a broker money to take up the note for $512.74 ; the defendant agreeing to provide Fowler & Co. with funds to pay their note to the broker. The defendant, finding himself unable to do this, gave to Fowler & Co. the note in suit, and antedated it, and they had it discounted, and offered the proceeds to the broker to take up their note and the note of Taylor & Co. ; but the broker refused to receive the money unless it was applied to the general debts due to him from Fowler & Co. and refused to give up the note of Taylor & Co., and afterwards sold that note and applied the proceeds to the satisfaction of his claims against Fowler & Co. The defendant never received anything from Fowler & Co. for his own note of $525 and that of Taylor & Co. of $800, except his own note for $512.74, and $200 in money.

Samuel Putnam, the plaintiff's testator, before either of these notes was discounted, had executed to the bank a guaranty of all notes, drafts and checks which they should thereafter discount for Fowler & Co. ; and, upon maturity of the note in suit, and protest thereof for nonpayment, paid it ; and his representa-

tives seek to recover the amount thereof from the defendant in this action.

*S. B. Ives, Jr. & J. B. Peabody,* for the plaintiffs, cited *Washington Bank* v. *Shurtleff,* 4 Met. 30 ; *Chalmers* v. *Lanion,* 1 Campb. 383 ; 3 Greenl. Ev. § 171.

*C. R. Train,* for the defendant.

THOMAS, J. The plaintiffs must become nonsuit. They can recover nothing upon the count on the promissory note nor upon the count for money paid.

1. They cannot recover upon the note. They paid the note as the legal representatives of Samuel Putnam, who, by an agreement in writing, had guarantied the payment of the notes and drafts discounted by the bank for Fowler & Co. Upon payment they became substituted to the rights of Fowler & Co. They were not purchasers without notice before the maturity of the note, so as to have other or higher claim against the makers than Fowler & Co., the promisees, would have had. When the court said, in *Washington Bank* v. *Shurtleff,* 4 Met. 34, that the holders of a note paid by the guarantor would be bound to deliver the note to him to his use, they did not mean that he would be substituted to the rights of the last holder and payee. He would be entitled to the note as evidence of his payment. Beyond this, it is not easy to see for what useful purpose he is substituted to the rights of him for whom he pays. The facts clearly show that Fowler & Co. could not have recovered upon this note against the defendant, for the consideration of the note had failed.

2. The plaintiffs cannot recover upon the count for money paid. The money was not paid at the request of the defendant or for his use, but at the request of Fowler & Co. and for their use, and in discharge of the plaintiffs' testator's written obligation to save the bank harmless. *Plaintiffs nonsuit.*